Wilde J.
delivered the opinion of the Court. The counsel for the plaintiffs move for a new trial on two grounds , first, because certain contracts offered by them in evidence were not admitted ; secondly, because the verdict, according to the law as laid down at the trial by the chief justice, is against the evidence.
As to the first point, we think it very clear that the contracts offered in evidence were not admissible, not having any tendency to establish any fact material to the issue. The contracts with the laborers who are said to have been enticed from the plaintiffs’ employment, had expired long before the \3ts complained of; they could not therefore by any possibility be material; and as to the contract or agreement between some of the plaintiffs and some of the defendants, it is a sufficient objection, that the defendants are not sued upon that agreement; nor could they be, for it is between different parties.
As to the second point, we are of opinion that the verdict is right. The evidence is clearly insufficient to support the action, as we understand the law. The defendants had a legal right to make a contract with the plaintiffs’ laborers *444 to take effect after the expiration of their term, of service with the plaintiffs. The law is laid down correctly by Lord Kenyon, in the case of Nichol et al. v. Martyn, 2 Esp. R. 732, that “to induce a servant to leave his master’s service at the expiration of the time for which the servant had hired himself, although the servant had no intention at the time, of quitting his master’s service, was not the subject of an action.” It is damnum absque injurié. The cases cited by the plaintiffs’ counsel do not countenance a. different doctrine. If the law were otherwise, it would lead to the most mischievous consequences, and would operate injuriously both to Iaoorers and their employers.

Judgment according to the verdict.